**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JIMMIE TAYLOR** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-5479** |
| **TERRY TERRELL, WARDEN** | * | **SECTION: "A"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely, and alternatively on the merits.

## Procedural History

On February 27, 2003, petitioner, Jimmie Taylor, was charged by grand jury indictment with one count of aggravated rape of a juvenile, a violation of La. R.S.14:42 and

one count of aggravated oral sexual battery upon a juvenile, a violation of La. R.S. 14:43.4.[1]

Petitioner pled guilty on May 5, 2003, to the amended charge of one count of forcible rape of a juvenile and one count of aggravated oral sexual battery upon a juvenile. On May 5, 2003, the court sentenced petitioner to serve twenty years of imprisonment on each count, to run concurrently.[2] Petitioner did not file a supervisory writ to review his conviction and sentence in the Louisiana Court of Appeal. Under State law, petitioner's conviction and sentence became final on June 4, 2003, thirty days after the sentence. See La. C. Cr. P. art. 914.[3]

On December 5, 2003, petitioner signed and filed an application for post conviction relief (PCR) in the trial court.[4] The claims presented were excessive sentence and

---

[1] See State Rec., Vol. 1, **State v. Jimmie L. Taylor,** No. 03-515 "D", 24th Judicial District Court, Parish of Jefferson, for a copy of the indictment.

[2] See State Rec., Vol. 1, for a copy of the Minute entry dated May 5, 2003.

[3] **Art. 914.  Method and time of appeal**
   A.  A motion for an appeal may be made orally in open court or by filing a written motion with the clerk.  The motion shall be entered in the minutes of the court.
   B.  The motion for an appeal must be made no later than:
       (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
       (2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

[4] See State Rec., Vol. 1, for a copy of the PCR.  The December 5, 2003, filing date is founded upon the application of the mail box rule for pro se filings by prisoners.  Also see **State v. Causey,** 450 F.3d 601 (5th Cir. 2006).  (State Court pleading filed by pro se petitioner deemed filed when it is delivered to prison authorities for forwarding to the district court.)

denial of effective assistance of counsel. The trial court issued an Order denying the PCR application on January 5, 2004. The court said:

### O R D E R

> This matter comes before the Court on defendant's **APPLICATION FOR POST-CONVICTION RELIEF FILED DECEMBER 16, 2003.**
>
> In his first assignment of error, the defendant contends that his sentence is excessive. He claims the trial court abused discretion in sentencing him and did not consider the aggravating and mitigating factors relevant to a proper sentence in this case. The defendant pled guilty to one count of the amended charge of forcible rape and one count of aggravated oral sexual battery on May 5, 2003. The trial court sentenced the defendant to twenty years on each count to run concurrently with one another.
>
> The defendant's proper remedy was to file a writ application within thirty (30) days of the revocation hearing not a post conviction relief. La. C.Cr.P. Art. 930.3 and **State ex rel. Melinie v. State,** 665 So.2d 1172 (La. 1996). In the instant case, no writ application was taken.
>
> Defendant also alleges ineffective assistance of counsel. The test to be applied in ineffective assistance of counsel claims in a guilty plea is that of **Hill v. Lockhart,** 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.203 (1985) which requires defendant to prove that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." The voluntariness of the plea depends on whether counsel's advice was within the wide range of competence demanded of attorneys in criminal cases. **State ex rel. Graffagnino v. King,** 436 So.2d 559 (La. 1983).

> In the instant case counsel was well within the range of professional competence. Counsel obtained a plea agreement significantly reducing petitioner's incarceration exposure. Instead of risking a 40 year sentence on each count, defendant was able to obtain a 20 years sentence to run concurrently with all his other sentences. This specification of error is without merit.
>
> Accordingly,
>
> **IT IS ORDERED BY THE COURT** that issue one of defendant's application for post conviction relief be and hereby is **DENIED.**[5]

Petitioner timely filed a writ application on January 30, 2004, in the Louisiana Court of Appeal, Fifth Circuit under No. 04-KH-109. On February 4, 2004, the Louisiana Fifth Circuit denied the writ, finding no error in the trial court's ruling of January 5, 2004, on petitioner's application for PCR.[6] Petitioner applied for supervisory and remedial writs in the Louisiana Supreme Court under No. 2004-KH-0803. The post mark was 3/7/04, the

---

[5] See State Rec., Vol. 1, for a copy of the Order dated January 5, 2004.

[6] See State Rec., Vol. 2, for a copy of ruling **State v. Taylor,** No. 04-KH-109 (La. App. 5th Cir. Feb. 4, 2004).

4

Clerk's stamp filing date was March 26, 2004.[7] Petitioner's signature is dated February 19, 2004.[8] The Louisiana Supreme Court denied the writs application on February 18, 2005.[9]

Petitioner filed his federal application for habeas corpus relief on October 10, 2005, the day he signed the petition and presented it to the prison authorities for mailing.[10] Petitioner's sole claim is that he received an excessive sentence in violation of the Eighth and Fourteenth Amendments. The State did not contest whether petitioner had exhausted his issue in the highest state court. This Court's review of the record shows that the issue has been exhausted. Title 28, United States Code, Section 2454(b)(1)-(3); **Rose v. Lundy,** 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, the State argues that petitioner's

---

[7]See State Rec., Vol. 2, for a copy of the original brief. Also see State Rec., Vol. 1, for a copy of the letter from the Clerk of the Louisiana Supreme Court dated March 26, 2004.

[8]See State Rec., Vol. 2, original brief, last page.

[9]**State ex rel. Jimmie Taylor v. State of Louisiana,** No. 2004-KH-0803 (La. Feb. 18, 2005). See State Rec., vol. 2, for a copy of the ruling.

[10]See Federal Rec., Doc. #1. This October 10, 2005, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, in this case, October 10, 2005, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

application was untimely filed and as such the application for federal habeas corpus relief should be dismissed with prejudice.

## **Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[11] *See* Title 28, United States Code, Section 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's judgment became final on June 4, 2003, when the 30-day deadline for filing a writ for supervisory review in the Louisiana Fifth Circuit expired. Thus, petitioner had a year from June 4, 2003, or until June 3, 2004, to timely seek federal habeas corpus review.

Petitioner did not file the instant action until October 10, 2005, over two years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or

---

[11]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. **Lindh v. Murphy,** 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed an application for post conviction relief (PCR), December 5, 2003, in the trial court. By that time, 177 days of petitioner's 365 day prescriptive period had expired. As previously mentioned in the procedural history section of this report, petitioner had timely filed writs pending in the state appellate and state supreme court until February 18, 2005, the date the Louisiana Supreme Court denied petitioner's supervisory writ application. Petitioner filed his federal habeas corpus application on October 10, 2005, thereby allowing 233 days to expire. At that point 410 days expired. Petitioner's federal filing was 45 days late. Thus, this matter would appear to be time barred absent a basis for equitable tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" **Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), quoting **Davis v. Johnson,** 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.,Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Coleman v. Johnson,** 184 F.3d 398, 402 (5th Cir. 1999), citing **Rashidi v. American President Lines,** 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred

by matters outside his or her control, was nevertheless diligent in his or her pursuit of Section 2254 relief. **Coleman,** 184 F.3d at 403.

In the instant matter, the record reflects that petitioner was clearly less than diligent in seeking relief from his conviction and sentence. Petitioner failed to timely appeal his conviction and sentence to the state's highest court. He waited more than five months before filing an application for PCR. Further, once he obtained an opinion from the state's highest court, he waited more than seven months before seeking post-conviction relief from the state district court. Therefore, petitioner's federal application should be dismissed as untimely.

Alternatively, petitioner's federal application should be dismissed on the merits. Petitioner claims that his sentence is disproportionate and excessive and is violative of the Eighth and Fourteenth Amendments of the United States Constitution.

Petitioner argues that he received an unconstitutionally excessive sentence and that the sentence he received is disproportionate to the offenses. Petitioner's claim was first made in his application for post-conviction relief filed in December 2003. The PCR was denied on January 5, 2004. In the denial the Twenty-Fourth District Court, Parish of Jefferson found that sentencing issues are not reviewable in post conviction relief, citing La. C.Cr.P. art. 930.3, and **State ex rel. Melinie v. State,** 665 So.2d 1172 (La. 1996). Therefore, because the last state court that rendered a judgment on the issue relied on a state procedural

bar, the issue of excessive sentence is likely barred from federal review.  *See* **Duncan v. Cain**, 278 F.3d 537 (5th Cir. 2002).  However, the Court also denies the claim on the merits.

The Eighth Amendment provides:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The language does not specifically detail a proportionality requirement, and the Supreme Court has specifically rejected the principle that the Eighth Amendment contains a proportionality guarantee.  **Harmelin v. Michigan**, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).[12]  If a sentence is within the statutory limits, a federal habeas court will not upset the terms of that sentence unless it is so disproportionate to the offense as to be completely arbitrary and shocking.  **Bonner v. Henderson,** 517 F.2d 135, 136 (5th cir. 1975); *see also* **Haynes v. Butler,** 825 F.2d 921, 923-24 (5th Cir. 1987), cert. denied, 484U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1998); **Smallwood v. Johnson,** 73 F.3d 1343, 1347 (5th Cir. 1996) (emphasizing that a federal court will not review a state sentencing without a threshold showing that the sentence is "grossly disproportionate to the offense.")

Twenty years concurrent sentence for felony convictions of forcible rape and aggravated oral sexual battery of a juvenile is within the statutory limits.  Louisiana Revised

---

[12]In **Harmelin,** 501 U.S. at 962, 111 S.Ct. at 2684, quoting **Rummel v. Estelle,** 445 U.S. 263, 274, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980), the Supreme Court reaffirmed that "'for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative.'"

9

Statute 14:42.1 provides that the penalty for forcible rape is not less than five nor more than forty years; La. R.S. 14:43.4 provides that the penalty for aggravated oral sexual battery of a person under twelve years of age is imprisonment for nor more than 20 years.

Review of the applicable state law shows petitioner received the maximum penalty of twenty years of imprisonment for aggravated oral sexual battery of a juvenile under the age of twelve years and twenty years imprisonment (one half of the maximum penalty for forcible rape).  Both sentences were within the statutory limits and they were ordered to run concurrently.  Study of the record shows that the juvenile victim was petitioner's adopted daughter.  (See Federal Rec., Doc. No. 1, Memorandum, page 9, attached to petition.)  Moreover, petitioner's memorandum, at page 10, sets forth the following in support of his specious claim:

> "In Petitioner's case, the sentence is also inappropriate because there is no indication that Petitioner's offense was committed with excessive brutality or that the victim sustained serious or lasting injury; furthermore, the record will reflect that Petitioner is not a menace to society; Petitioner has not demonstrated a propensity for life-endangering behavior that would justify infliction of two twenty year sentences. Please note Petitioner's first and original State Post Conviction Relief Application; Petitioner is not an individual that has shown total and repeated disregard for the law, welfare, safety, personal integrity, and human worth of others."

(See Federal Rec., Doc. 1, Memorandum page 10, attachment to Petition.)

Again, petitioner's sentence was within the statutory maximum. Accordingly, the claim lacks merit.

### RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Jimmie Taylor for issuance of a writ of habeas corpus under Title 28, United States Code, Section 2254 be **DENIED** with prejudice as untimely. Alternatively, the petition should be **DENIED** on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of February, 2007.

LOUIS MOORE, JR.
United States Magistrate Judge